# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARIO L. ALLEN,**

      **Plaintiff,**

v.                                              Case No.19-CV-205

**ANGELA THOMPSON,**

      **Defendant.**

## ORDER

Defendant Angela Thompson filed a motion for summary judgment on July 30, 2020. (ECF No. 39.) Pursuant to Civil L.R. 56(b)(2), *pro se* plaintiff Mario L. Allen had until August 31, 2020, to respond to Thompson's motion. Allen did not respond by August 31. On September 15, 2020, the court issued an order directing Allen to respond to Thompson's motion or file a letter explaining why he is unable to do so by September 29, 2020. (ECF No. 43.)

On September 25, 2020, Allen filed a letter written by Marcus Lewis on Allen's behalf. (ECF No. 44.) In the letter Allen explains that he has not responded to the summary judgment motion "because he has filed many motions requesting legal help and has been refused at all cost." (*Id.*) Allen also states that he "knows no medical law" and he "could not have filed or responded to any motion without help." (*Id.*)

The court has on several occasions considered the question of whether Allen can litigate this case on his own. In its last order denying his motion to recruit counsel the court explained that "Allen does not need to be well-versed in medical law to respond to [a summary judgment] motion." (ECF No. 38 at 2.) At that time Thompson had yet to file a summary judgment motion. When Thompson did file a summary judgment motion, she moved for summary judgment on the ground that Allen did not exhaust his available administrative remedies prior to filing this lawsuit. (ECF No. 39.)

Allen does not need to know anything about medicine or the law to tell the court whether he fully exhausted his administrative remedies through the inmate complaint system before filing this lawsuit. To respond to Thompson's motion Allen simply needs to tell the court which facts put forth by Thompson regarding Allen's attempts to exhaust his administrative remedies are true and which facts he disputes. As to the facts he disputes, Allen needs to provide the basis for his dispute, supporting his position on each disputed facts with evidence in the record, which can include an affidavit or an unsworn declaration under 28 U.S.C. § 1746.

An affidavit is a written statement made under oath, and the person who signs the statement swears that everything in the statement is true. An unsworn declaration is a way for the plaintiff to tell his side of the story while declaring to the court that everything he has written down is true and correct. If Allen chooses to file a declaration, at the bottom of his declaration he should state, "I declare

under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." *See* 28 U.S.C. § 1746(2).

The court will give Allen one last chance to submit his response to Thompson's motion for summary judgment. Allen must submit a response by October 19, 2020. If he fails to do so, the court will accept all facts asserted by Thompson as undisputed and enter summary judgment accordingly. This will likely result in summary judgment being granted in Thompson's favor and the case being dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that, by **October 19, 2020,** Allen must respond to Thompson's motion for summary judgment. Failure to respond by that date will result in the court accepting all facts asserted by Thompson as undisputed and entering summary judgment accordingly.

Dated at Milwaukee, Wisconsin this 29th day of September, 2020.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge